**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Monee Takla Hanna (SBN 259468)
monee.hanna@nelsonmullins.com
19191 South Vermont Avenue, Suite 900
Torrance, CA 90502
Telephone: 424.221.7400
Facsimile: 424.221.7499

Terri S. Reiskin (*pro hac vice)*
terri.reiskin@nelsonmullins.com
901 15th Street, NW Suite 1200
Washington, DC 20005
Telephone: 202.689.2800
Facsimile: 202.689,2860

Attorneys for Defendant
BOSTON SCIENTIFIC CORPORATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: BOSTON SCIENTIFIC CORPORATION SPINAL CORD STIMULATOR PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>ALL ACTIONS | Case No. 2:26-ml-03181-JLS-E<br><br>**JOINT STATUS REPORT AND PROPOSED AGENDA FOR OCTOBER 7, 2026 STATUS CONFERENCE**<br><br>DATE: OCTOBER 7, 2026<br>TIME: 9:00 A.M. |

Pursuant to the Court's direction at the August 5, 2026 scheduling conference, Plaintiffs, by and through Co-Lead Counsel, Defendants Boston Scientific Corporation and Boston Scientific Neuromodulation Corporation (collectively, "BSC"), and the U.S. Food and Drug Administration ("FDA") (together, "the parties") jointly submit this status report and proposed agenda for the October 7, 2026 status conference.

**1. Case Count and Expectations for Future Filings**

There are currently 59 cases and 72 plaintiffs in the MDL. BSC proposes that this topic be added to future status conference agendas, and in addition to reporting on current case and plaintiff counts, Plaintiffs' leadership should regularly report on expected numbers of future filings to the extent known.

**2. Status of Pretrial Order Regarding Master Personal Injury Complaint, Short Form Complaints, and Related Motions (Proposed Filing: October 30, 2026)**

As set forth in the September 25, 2026 Joint Memorandum regarding the personal injury track, Plaintiffs and BSC have exchanged drafts of a pretrial order regarding the Master Personal Injury Complaint, short form complaints ("SFC"), and related motion practice, as well as a form SFC, and are meeting and conferring. The Court has set October 23, 2026 for filing of the Master Personal Injury Complaint and November 20, 2026 for motions to dismiss. In their Joint Memorandum, Plaintiffs and BSC proposed that oppositions to the motion to dismiss be filed by December 18, 2026, and replies by January 15, 2027 (matching the schedule set for the Consolidated APA Complaint). The parties also requested leave for 10,000-word opening and opposition briefs and 6,000-word replies.

Plaintiffs and BSC agree that each Plaintiff, including those with existing cases, should file an SFC within a set time after entry of an order adopting the SFC, and that future direct-filed cases will use the same form. Because the SFC adopts specific

///

counts, it cannot be finalized until the Master Complaint is filed. Open issues still under discussion include the binding effect of motion-to-dismiss rulings, what answers will be required, and later motions directed to individual plaintiffs' claims. Consistent with Pretrial Order No. 5 ¶ 8, the SFC would allow a plaintiff to assert an APA claim against FDA and expressly adopt the Consolidated APA Complaint. The parties request until October 30, 2026 to submit a proposed order with the proposed SFC.

**3. Status of Discussion of Discovery Sequencing and Plaintiff/Defendant Fact Sheets**

As indicated in the September 25 filing regarding the personal injury track, BSC has shared proposed pretrial orders and a draft Plaintiff Fact Sheet ("PFS"), and Plaintiffs have shared their proposal. Both sides anticipate initial plaintiff case-specific and general corporate discovery, followed by common expert discovery and selection of a discovery pool, and then selection of trial candidates for representative trials. Phase specifics, including whether phases run concurrently or consecutively, remain under discussion. Plaintiffs and BSC agree that a protective order, ESI protocol, and preservation orders will need to be entered before discovery begins.

Plaintiffs and BSC are continuing to discuss their positions on plaintiffs' discovery obligations. Plaintiffs propose plaintiff profile forms and reciprocal defendant profile forms until a discovery pool is selected, with a full PFS/DFS only for discovery pool cases. BSC believes all Plaintiffs should complete a full PFS within a reasonable time after filing an SFC, with a full Defendant Fact Sheet ("DFS") only for discovery pool cases. BSC also notes that the outcome of the motions to dismiss may affect the scope of discovery. Plaintiffs and BSC propose updating the Court orally or in writing at or just before the next status conference following the filing of the Master Complaint.

///

///

**4. Proposal to Formally Designate an FDA APA Track and a BSC Personal Injury Track**

Pretrial Order No. 5 indicates that this case is proceeding on two "separate procedural track[s]"—a "product liability" track and an "APA claims" track. ECF No. 68 ¶ 4. That order further states, "Any orders governing the claims against BSC shall have no applicability to the APA claims track, and any orders governing the APA claims shall have no applicability to the BSC claims unless otherwise ordered by the Court." *Id*. In order to ensure clarity, the parties propose that the Court formally designate two separate tracks: the FDA APA Track and the BSC Personal Injury Track. The parties further propose that to aid docket management and clarify which orders apply to which cases, the caption for each filing indicate whether it applies to the FDA APA Track or to the BSC Personal Injury Track.

**5. Cases Involving Other Manufacturers; Status of JPML Motions Relating to Abbott and Nevro/Globus**

Plaintiffs' Motions to centralize Abbott and Nevro/Globus cases were heard at the JPML's September 24, 2026 hearing session. The JPML has not yet issued its order, but decisions are expected prior to the October 7 status conference. Plaintiffs and BSC suggest a discussion of how best to handle the four cases now in the MDL involving more than one manufacturer in light of the JPML's decisions. The four cases are:

*Jarrett*, No. 2:26-cv-06833 (BSC and Abbott)

*Hansen*, No. 2:26-cv-04804 (BSC and Nevro/Globus)

*Goodpasture*, No. 2:26-cv-09410 (BSC and Nevro/Globus)

*Perez*, No. 2:26-cv-09826 (BSC and Nevro/Globus)

In addition, there is one case involving Nevro/Globus and BSC (*Jany*) that was filed in the N.D. of Illinois and was tagged to the Nevro MDL motion.

///

///

**6. Preservation of Explanted Devices**

As noted in the September 25, 2026 Joint Memorandum regarding the personal injury track, explantation of devices is occurring while the litigation proceeds. Plaintiffs and BSC intend to shortly begin consideration of a draft preservation order for explanted devices, which they expect to propose the Court adopt in the near future.

**7. Service of Process**

Service of process on BSC should be completed via requests for waivers as detailed in Pretrial Order No. 4. There are some cases with unserved complaints on BSC and/or FDA that are older than 90 days. The Parties remind all Plaintiffs' counsel of the requirement to serve complaints within 90 days as the Federal Rules require.

**8. ECF Filing Permission and Pro Hac Vice Processes**

At the August 5, 2026, scheduling conference, Plaintiffs raised questions regarding processes for ECF filing permission for filing plaintiffs. The Court indicated further investigation and discussion would occur. Plaintiffs would also like to discuss procedures for new and existing counsel to obtain *Pro Hac Vice* status and indicate a related case.

**9. Plaintiffs' Proposed Common Benefit Order**

Plaintiffs submitted a proposed Common Benefit Pretrial Order with Participation Agreement on September 4, 2026, which is pending.

**10. Schedule of Upcoming Conferences**

The parties suggest that to facilitate planning it would be helpful to set dates for the next few status conferences and/or to establish a regular scheduled date and time. FDA also suggests that unless the Court directs otherwise, monthly status conferences will be for the personal injury track only. Finally, the parties would like to discuss whether a Zoom or other public access option be made available for counsel who cannot attend future status conferences in person.

///

///

Dated: September 30, 2026

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By:*/s/ Monee Takla Hanna*
Monee Takla Hanna
Terri S. Reiskin (*pro hac vice*)

Attorneys for Defendants
**BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC NEUROMODULATION CORPORATION**

By: */s/ Carasusana B. Wall (with permission)*
Carasusana B. Wall
**BULLOCK LEGAL GROUP LLC**
One SeaGate, Ste. 710
Toledo, OH 43604
(833) 853-4258
cara@bullocklegalgroup.com

Behram V. Parekh
SBN 180361
**WISNER BAUM LLP**
11111 Santa Monica Blvd., Suite 1750
Los Angeles, CA 90025
(310) 207-3233
bparekh@wisnerbaum.com

Adam M. Evans
**CARLSON LAW FIRM**
100 E. Central Texas Expy.
Killeen, TX 76541
(254) 526-5688
aevans@carlsonattorneys.com

**CO-LEAD PLAINTIFFS' COUNSEL**

-

**BRETT A. SHUMATE**
**Assistant Attorney General**

**ERIC B. BECKENHAUER**
Assistant Branch Director

By: *<u>/s/ James A. Ryan (with permission)</u>*
JAMES A. RYAN
Federal Programs Branch
Civil Division, U.S. Dept. of Justice
1100 L St. NW
Washington, DC 20005
(202) 598-5453
James.A.Ryan2@usdoj.gov

**ATTORNEYS FOR DEFENDANT U.S. FOOD AND DRUG ADMINISTRATION**

-

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and thereby served it on all counsel of record.

/s/*Monee Takla Hanna*