**NELSON MULLINS RILEY & SCARBOROUGH LLP**
Monee Takla Hanna (SBN 259468)
monee.hanna@nelsonmullins.com
19191 South Vermont Avenue, Suite 900
Torrance, CA 90502
Telephone: 424.221.7400
Facsimile: 424.221.7499

Terri S. Reiskin (*pro hac vice)*
terri.reiskin@nelsonmullins.com
901 15th Street, NW Suite 1200
Washington, DC 20005
Telephone: 202.689.2800
Facsimile: 202.689,2860

Attorneys for Defendant
BOSTON SCIENTIFIC CORPORATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: BOSTON SCIENTIFIC CORPORATION SPINAL CORD STIMULATOR PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>ALL CASES<br><br>Personal Injury Track | Case No. 2:26-ml-03181-JLS-E<br><br>**JOINT STATUS REPORT RE SHORT FORM COMPLAINTS** |

Pretrial Order No. 6 (ECF 81) includes a deadline of October 30, 2026 for the parties to file a proposed order regarding the form of the Short Form Complaint. The parties had previously traded comments on a draft Short Form Complaint but needed to await the filing of the Master Personal Injury Complaint on October 23, 2026 to finalize that draft. Since that time, the parties have continued to exchange proposed changes to the draft Short Form Complaint, but have been unable to reach full agreement. Specifically, the dispute centers on four issues, as identified below:

First, Plaintiffs and BSC ("the Parties") disagree regarding the inclusion of details beyond the city and state in which any spinal cord stimulator device was implanted, revised, or explanted, rather than identifying the providers and facilities involved.

Second, the Parties disagree regarding the format and specifics of the complications, injuries, and damages presented in the Short Form Complaint for adoption by individual plaintiffs.

Third, the Parties disagree regarding the manner in which a Plaintiff would identify the specific representations or misrepresentations, fraudulent or negligent, that Plaintiff claims were made to him or her by a BSC sales representative.

Fourth, there is a dispute over whether the option to check "other" to identify the BSC device at issue should be included.

The Parties set forth below their respective positions on each of these disputes with a short summary of the reasons for those positions. For the Court's convenience, attached as Exhibit 1 is a copy of BSC's proposed draft Short Form Complaint. Attached as Exhibit 2 is a copy of Plaintiffs' proposed draft Short Form Complaint.

///

///

///

///

///

## I. Information about Providers and Facilities for Implants, Revisions, and Explants (SFC Questions 14, 16, and 19)

### A. Plaintiffs' Position

It is Plaintiffs' position that the Short Form Complaint need only contain the city and state for the provider and facility at which any spinal cord stimulator device was implanted, revised, or explanted. In contrast, BSC would also require inclusion of the name of any such provider or facility. While Plaintiffs agree that information should be provided during the litigation, Plaintiffs assert that level of detail is properly exchanged during discovery as it is not necessary for sufficient pleading. Thus, such information is more appropriately provided in a Plaintiff Profile Form, or even a Plaintiff Fact Sheet, rather than the opening pleading for an individual Plaintiff.

The Short Form Complaint is the mechanism by which each MDL Plaintiff will initiate his or her case and adopt the allegations in the Master Complaint. While Plaintiffs have attempted to cooperate with BSC on the contents of the Short Form Complaint and include information the Parties agree is necessary, it is ultimately the Plaintiffs' pleading. BSC should have no more ability to dictate its contents than it would the contents of any other complaint filed against it. Plaintiffs agree with Boston Scientific that the Parties have a duty to cooperate about how and when they exchange information, and in the spirit of cooperation, Plaintiffs have agreed to provide more in their Short Form Complaint than they believe is necessary. However, it is ultimately Plaintiffs, not Boston Scientific, that are the masters of their complaints and nothing in the authority cited by Boston Scientific contradicts that. Boston Scientific has presented its "view" on what ought to be included, and Plaintiffs have accepted those revisions they deem acceptable. Cooperation does not give Boston Scientific license to unilaterally heighten the pleading requirements for Plaintiffs filing in this MDL.

Boston Scientific exaggerates its need for this information at the pleading stage. The <u>identity</u> of the provider and facility for each implant, explant, and revision is not

///

necessary to any element of any cause of action pleaded in the Master Complaint. As such, this information is not relevant to the sufficiency of an individual plaintiff's complaint. To use Boston Scientific's words, this information is not relevant to whether or not a plaintiff has stated a plausible claim.

Therefore, the identity of the provider and facility is entirely irrelevant to any potential pleading defense. In fact, Boston Scientific does not cite any pleading defense that this information impacts. Boston Scientific instead argues that this information is relevant to jurisdictional requirements, statutes of limitations, venue, and choice of law.

This is not the case. Plaintiffs have agreed to provide the city and state of the procedures, which is all that is material to these questions. While the identity of the specific doctor and facility may have some relevance to a learned intermediary defense later in the case, those specifics are immaterial at this stage. Ease of access to information, or lack thereof, has no bearing on the relevance of information to claims or defenses.

Importantly, Boston Scientific should not be allowed to use the Short Form Complaint to impose a higher pleading threshold than would be required of a standard long form complaint. The provider and facility identities Boston Scientific seeks are most appropriately disclosed in the MDL's discovery vehicle: a Plaintiff Profile Form or Plaintiff Fact Sheet.

B. BSC's Position:

Adoption of the short-form complaint does not relieve Plaintiffs of their ordinary pleading burdens and obligations under Rule 11 to have a sufficient legal and factual basis for asserting their claims. Cases coordinated in an MDL keep their separate identities and remain subject to the Federal Rules. *See, e.g.*, *Gelboim v. Bank of Am. Corp.*, 574 U.S. 405, 413 (2015); *In re Korean Air Lines Co.*, 642 F.3d 685, 699–700 (9th Cir. 2011) ("[T]he MDL transferee court is generally bound by the same substantive legal standards, if not always the same interpretation of them, as would

have applied in the transferor court. . . . Within the context of MDL proceedings, individual cases that are consolidated or coordinated for pretrial purposes remain fundamentally separate actions."); *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 841 (6th Cir. 2020) ("The rule of law applies in multidistrict litigation under 28 U.S.C. § 1407 just as it does in any individual case."). As the Sixth Circuit put it, "an MDL court must find efficiencies within the Civil Rules, rather than in violation of them." *Opiate Litig.*, 956 F.3d at 845. The Advisory Committee likewise confirms that "[t]he Rules of Civil Procedure, including the pleading rules, continue to apply in all MDL proceedings." Fed. R. Civ. P. 16.1(b)(3)(A) advisory committee's note to 2025 adoption. In practical terms, the Master Complaint and each Short Form Complaint must therefore state a plausible claim for each individual case when read together. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Plaintiffs' assertion that they unilaterally control the Short Form Complaint conflicts with the cooperative framework of the Federal Rules and Ninth Circuit precedent. Rule 16.1 requires that the parties' report "address the parties' initial views on," among other things, "whether consolidated pleadings should be prepared" and "how and when the parties will exchange information about the factual bases for their claims and defenses." Fed. R. Civ. P. 16.1(b)(3)(A)–(B). The Rule thus calls for the views of "the parties," not Plaintiffs alone, and gives Defendants a recognized role in whether consolidated pleadings are used and how they are structured. Consistent with this framework, the Ninth Circuit has explained that "multidistrict litigation assumes cooperation by counsel and macro-, rather than micro-, judicial management," and that MDL courts are "given broad discretion to structure a procedural framework for moving the cases as a whole as well as individually." *Allen v. Bayer Corp. (In re Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1231–32 (9th Cir. 2006). The short-form complaint is part of that procedural framework, and its content falls squarely within the Court's discretion. Put differently, streamlined procedures

///

such as direct filing and the short-forum complaint procedure are benefits to Plaintiffs that alleviate their filing and pleading burdens, not a right under the Federal Rules, and participation in those procedures is therefore contingent on providing necessary information, despite the abbreviated format, to comply with the same requirements that apply to standalone complaints.

Plaintiffs should be required to provide information beyond just the date, city and state of each relevant procedure, including the provider and facility at which each implant, revision, and explant occurred. First, this information is readily within each Plaintiff's personal knowledge or accessible from their medical records that presumably have been gathered by counsel as part of their investigation of the claim prior to filing suit. There is no burden associated with supplying this basic information, which some Plaintiffs' counsel, including Co-Lead Counsel, have provided in long-form complaints. *See, e.g., Weisman v. BSC*, No. 2:25-cv-08919, First Amended Complaint (ECF 11) at ¶¶ 64, 71. Second, these are basic, non-conclusory facts required to give BSC sufficient notice of the facts underlying Plaintiffs' claims so that it can evaluate its defenses.[1] In particular, this information is material to issues including jurisdictional requirements, statutes of limitations, venue, and choice of law, as well as the application of the learned intermediary doctrine. For example, under Plaintiffs' proposed version of the Short Form Complaint, none of this information would be provided and each Plaintiff would be designating a "presumptive forum" as a legal conclusion without any supporting facts to verify the case actually has a factual connection to that forum for purposes of the venue statute,

---

[1] Notably, after some motions to dismiss were filed that included statute of limitations arguments, plaintiffs' complaints became more and more vague about the procedures, as well as complications and injuries, alleged by plaintiffs. This was an obvious effort to avoid application of statute of limitations defenses at the pleading stage. Plaintiffs' leadership should not be permitted to enshrine these vague pleading practices in the Short Form Complaint so as to insulate all plaintiffs from statute of limitations defenses that may be applicable to their claims and could aid this Court in weeding out non-viable claims at an earlier stage of the proceedings.

28 U.S.C § 1391. Thus, Plaintiffs are in error in their position that applicable pleading standards do not require this basic information about Plaintiffs' claims.

## II. Identification of Complications, Injuries, and Damages (SFC Question 21)

### A. Plaintiffs' Position

It is Plaintiffs' position that the respective lists of complications, injuries and damages available for adoption in the Short Form Complaint should correspond to those asserted in the Master Complaint. Boston Scientific instead attempts to misuse the Short Form Complaint process to challenge the merits of Plaintiffs' claims as pleaded, criticizing the specific complications and injuries Plaintiffs alleged as overly vague and unsupported.

The analysis of this dispute is simple. The Short Form Complaint is meant to be the vehicle by which Plaintiffs initiate their cases by adopting allegations contained in the Master Complaint and adding any case-specific details not contained in that Master Complaint. Thus, Plaintiffs propose a list of injuries and damages in the Short Form Complaint whereby each plaintiff can allege his or her injuries via checkboxes that correspond to those complications and injuries pleaded in the Master Complaint.

Boston Scientific objects to some of the injuries and damages, arguing that they are too vague or do not inform it of an alleged injury. Boston Scientific also argues that Plaintiffs should only be permitted to allege "known complications" and "concrete, medically cognizable conditions." Those objections and arguments should be raised in Boston Scientific's Motion to Dismiss, not here. Whether or not Boston Scientific believes Plaintiffs' alleged injuries fit these definitions does not impact Plaintiffs' ability and right to allege them.

Plaintiffs' lists precisely track the injuries and damages pleaded in the Master Complaint. Omission of any of these listed categories will prevent individual plaintiffs from alleging injuries and damages pleaded in the Master Complaint or require them

///

to list these injuries and damages in an "Other" section. This would be illogical and unreasonable, and entirely counter to the purpose of a Master and Short Form Complaint process.

Ultimately, it is inappropriate for Boston Scientific to dictate the injuries and damages alleged by Plaintiffs in their Short Form Complaints, especially when these injuries and damages are alleged in the Master Complaint. There is a time and place for Boston Scientific to raise those arguments, but it is not here and not now.

B. BSC's Position:

For the same reasons stated above, each Short Form Complaint should provide sufficient Plaintiff-specific information to put BSC on notice of the claims against it. The Short Form Complaint should not merely parrot the vague and generalized categories of complications, injuries, and damages set forth in the Master Personal Injury Complaint. Rather, it should identify each Plaintiff's specific complications and injuries so that BSC can evaluate whether the facts alleged, read together with the Master Personal Injury Complaint, state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678–79.

Although the competing proposals overlap in part, Plaintiffs' checklist includes several categories that are not "complications" nor medically cognizable injuries, are vague or compound, and do not reasonably apprise BSC of the claims asserted against it. For example, "total device failure" is vague and conclusory, not a complication or an injury. An SCS device is comprised of three main components: an Implantable Pulse Generator ("IPG"), battery, and leads. "Total device failure" does not identify even the component at issue, much less any alleged defect nor does it instruct as to how any such "failure" is alleged to have resulted in physical injury, all threshold elements of any product liability claim. Similarly, "inconsistent therapeutic treatment" is meaningless and subject to interpretation. It is common for patients to require changes in programming over time as their bodies adjust to the stimulation.

///

Checking this box does nothing to inform BSC of an alleged injury. "Undesirable/excessive stimulation" is similarly vague.

Additionally, the Court and the parties will rely on the Short Form Complaints, among other things, to categorize the cases and evaluate the composition of the MDL as a whole. While a checklist may be of some assistance in this regard, the information is meaningful only if the checklist fields are tied to known complications (*e.g.*, as contained in the FDA-approved labeling) and concrete, medically cognizable conditions. Otherwise, cases could proceed without an identified concrete injury sufficient to establish Article III standing, *see TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), or a cognizable injury under applicable state law. Contrary to Plaintiffs' argument about these issues being only appropriate for the Motion to Dismiss, jurisdiction and standing should be able to be established by the pleadings, and inclusion of vague categories without any medical meaning invites the filing of cases that fail to demonstrate standing or the amount in controversy.

## III. Identification of Sales Representative Representations or Misrepresentations (SFC Question 25)

### A. Plaintiffs' Position

It is Plaintiffs' position that Plaintiffs need not allege verbatim representations in their Short Form Complaint and that sufficient specificity is provided by Plaintiffs' proposed Short Form Complaint. Namely, Plaintiffs can check a box to indicate representations alleged in the Master Complaint were made to them specifically, and they can fill in anything not pleaded in the Master Complaint in the "Other" section. Also, questions 23 through 25 in Plaintiffs' proposed draft sufficiently provide the who, how, and when for the representations. Boston Scientific would remove any standardization and efficiency to require each Plaintiff to provide that same information in free-form text fields.

///

///

In the Master Complaint, Plaintiffs allege various misrepresentations made by Boston Scientific, including their sales representatives, to Plaintiffs. These misrepresentations were alleged in previously filed complaints. Further, based upon Plaintiff leadership's knowledge of their cases, there were significant commonalities among the misrepresentations made to many of the patients who will ultimately file cases in this MDL. Therefore, it is appropriate and reasonable to permit each plaintiff to adopt these allegations, via checkbox, if they are true in his or her case.

First, there is no requirement that a Plaintiff recite misrepresentations verbatim in order to sufficiently plead their claims. Instead, they need only provide "the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Spencer v. DHI Mortg. Co.*, 642 F. Supp. 2d 1153, 1163 (E.D. Cal. 2009). That requirement is met by Plaintiffs' proposed Short Form Complaint because the substance of the misrepresentation, who provided it, how, and when are all contained in Plaintiffs' draft. Further, because the list contains an "Other" option with a free-form text field, each individual plaintiff will have the ability to include any other misrepresentation that was made to him or her. All of this provides Boston Scientific with what it needs to prepare an adequate answer to the allegations and Boston Scientific's argument that a checkbox approach deprives it of the "who, what, when, where, and how" of the alleged fraud is wrong.

Second, checkboxes support both the intended efficiency of the Short Form Complaint process and the benefits of consistent, standardized language among individual Plaintiffs' Short Form Complaints. This data consistency will benefit Plaintiffs, Boston Scientific, and the Court in the administration of this litigation, such as allowing analysis of the most commonly alleged misrepresentations. The checkbox approach will not prejudice Boston Scientific, as they will still receive notice of the specific misrepresentations alleged by each plaintiff.

///

///

Ultimately, the listed misrepresentations are specific statements, and by checking any of these checkboxes, an individual plaintiff will allege that that specific statement was made to him or her. When the time is appropriate, Boston Scientific can argue that these allegations are insufficient under Rule 9(b). However, Rule 9(b) provides no reasonable grounds for preventing individual plaintiffs from adopting allegations pleaded in the Master Complaint.

B. BSC's Position

Because the Master Complaint asserts fraud and misrepresentation counts, as well as fraud-based consumer protection violations, and negligence directly stemming from alleged conduct of BSC field representatives, each Plaintiff pursuing those counts must satisfy the heightened pleading standard of Rule 9(b) by pleading the "who, what, when, where, and how" of the alleged misconduct. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). Where Plaintiffs allege that they relied on information or statements made by a BSC sales representative to their detriment, those factual allegations are not adequately described in substance or verbiage by the vague and conclusory allegations described in the Master Personal Injury Complaint, nor the proposed checkboxes provided in Plaintiffs' proposed Short Form Complaint. Each Plaintiff is in a position to know the factual details of his or her misrepresentation claims and should be required to articulate the factual details that support such claims in the Short Form Complaint. Plaintiffs' proposal fails to meet Rule 9(b) because the Master Personal Injury Complaint is generalized and promises that case-specific information would be supplied individually, while their proposed Short Form Complaint is a checkbox list parroting the Master Complaint in a circular manner. The Short-Form Complaint should require Plaintiffs to plead specific facts in a narrative format to supply each of the requisite "who, what, when, where, and how" of the alleged fraud, as required by Rule 9(b). Plaintiffs' proposal relieves Plaintiffs of the

///

burden of identifying any of these specifics and deprives BSC of adequate notice to defend against the claims, because the Short Form Complaint fails to add any factual detail concerning, for example, which sales representatives made what statements, to whom, and when such statements were made (e.g., before or after the trial or permanent implant). As discussed above, an MDL is not a means to avoid federal pleading requirements, and a Short Form Complaint is a convenience, not a right. *See, e.g., In re Nat'l Prescription Opiate Litig.*, 956 F.3d at 841. Plaintiffs should not be permitted to evade the federal pleading standards by reference to conclusory statements in the Master Personal Injury Complaint, and the Short Form Complaint format should not invite the filing of cases that cannot make the requisite showing as to requirements such as standing and subject matter jurisdiction.

## IV. "Other" in Checklist of BSC Devices (SFC Question 17)

### A. Plaintiffs' Position

It is Plaintiffs' position that an "Other" option in the list of BSC devices is appropriate in the Short Form Complaint, while Boston Scientific would eliminate that option.

Again, Boston Scientific attempts to impose a higher pleading standard to these Short Form Complaints than would be applicable to a long-form complaint. Plaintiffs agree that each Short Form Complaints should, as far as the individual plaintiff's knowledge and investigation permits, identify the specific device model at issue in the case. However, there will be cases in which medical records are unclear about the specific model implanted in a plaintiff. For example, a plaintiff may possess medical records identifying a Boston Scientific spinal cord stimulator but have trouble obtaining further product identification records containing the model number or other model identifying information.

The "Other Device" field proposed by Plaintiffs prevents individual Plaintiffs from having to make their best guess as to the specific model, or worse, just pick a

///

model from the list. Such a selection does not benefit anyone. Furthermore, this information is not necessary to put Boston Scientific on notice because while a Plaintiff may not know the specific model information, Boston Scientific likely does. As such, this information, like the identity of providers and facilities, is more appropriately addressed during the case-specific discovery process rather than at the pleading stage.

Finally, Boston Scientific's concerns about the "Other" field encouraging inadequate investigation are unreasonable. If a Plaintiff's counsel is going to file a case without proper investigation, it is unlikely that the need to select a specific model is going to prevent the filing of a poorly investigated case. Instead, counsel will just make the best guess, or worse, just pick a model from the list. At least the "Other" field allows all parties to identify which individual plaintiffs have not alleged a specific model and potentially address these cases early.

B. BSC's Position:

One final disagreement involves Plaintiffs' proposal to add a category "Other" to the checklist of BSC devices alleged to have been used by Plaintiffs. The device list is a comprehensive one, and Plaintiffs' counsel should as part of their pre-suit investigation have determined from the Plaintiff or their medical records whether a BSC device at issue in this MDL was implanted. Plaintiffs' Rule 11 duties in this MDL require having a good faith belief that they have a claim and that the claim belongs in the MDL. Filing a claim based on some "other" device violates Rule 11 because such a case does not belong in this MDL and should be filed as a standalone complaint. Plaintiffs suggest that the category "Other" will make it easier to identify plaintiffs who have not used one of the devices at issue, but that is unlikely. The information about the device is readily available to Plaintiffs, who are given ID cards for their device on implantation, whose medical records identify the device with which they were implanted, and, as a failsafe, BSC's records also can be used to match

///

Plaintiffs with devices.[2] Further, providing an "Other" category will only encourage inadequate investigation prior to filing suit. Since Plaintiffs' leadership has taken the position that challenges to Short Form Complaints should be deferred or limited, allowing some Plaintiffs to fail even to identify the device at issue only results in inability to address their claims and/or delays in excluding them from the litigation so that they pursue their claims (if any) elsewhere.

Dated: October 30, 2026

Respectfully submitted,

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: */s/ Monee Takla Hanna*
Monee Takla Hanna
Terri S. Reiskin (*pro hac vice*)

**FAEGRE DRINKER BIDDLE & REATH LLP**
Tarifa B. Laddon (SBN 240419)
David P. Koller (SBN 328633)
1800 Century Park East, Suite 1500
Los Angeles, CA 90067
(310) 203-4000
tarifa.laddon@faegredrinker.com
david.koller@feagredrinker.com

Amy R. Fiterman (*pro hac vice*)
220 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 766-7000
amy.fiterman@faegredrinker.com

Attorneys for Defendants
**BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC NEUROMODULATION CORPORATION**

---

[2] Indeed, prior to formation of this MDL, in at least one instance involving one of Plaintiffs' Co-Lead Counsel, after filing of a multi-plaintiff complaint, BSC could not find any record that one of the plaintiffs had a BSC device, and when Plaintiffs' counsel was notified, that plaintiff's claims were voluntarily dismissed.

By: */s/ Carasusana B. Wall (with permission)*
Carasusana B. Wall
**BULLOCK LEGAL GROUP LLC**
One SeaGate, Ste. 710
Toledo, OH 43604
(833) 853-4258
cara@bullocklegalgroup.com

Behram V. Parekh
SBN 180361
**WISNER BAUM LLP**
11111 Santa Monica Blvd., Suite 1750
Los Angeles, CA 90025
(310) 207-3233
bparekh@wisnerbaum.com

Adam M. Evans
**CARLSON LAW FIRM**
100 E. Central Texas Expy.
Killeen, TX 76541
(254) 526-5688
aevans@carlsonattorneys.com

**CO-LEAD PLAINTIFFS' COUNSEL**

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and thereby served it on all counsel of record.

/s/*Monee Takla Hanna*______
Monee Takla Hanna