**FAEGRE DRINKER BIDDLE & REATH LLP**
TARIFA B. LADDON (SBN 240419)
*tarifa.laddon@faegredrinker.com*
DAVID P. KOLLER (SBN 328633)
*david.koller@faegredrinker.com*
1800 Century Park East, Suite 1500
Los Angeles, CA 90067
Telephone: + 310 203-4000
Facsimile: + 310 229-1285

**FAEGRE DRINKER BIDDLE & REATH LLP**
AMY R. FITERMAN (*pro hac vice*)
*amy.fiterman@faegredrinker.com*
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
Telephone: +1 612 766 7000
Facsimile: +1 612 766 1600

Attorneys for Defendants
BOSTON SCIENTIFIC CORPORATION and
BOSTON SCIENTIFIC NEUROMODULATION CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: BOSTON SCIENTIFIC CORPORATION SPINAL CORD STIMULATOR PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br>ALL ACTIONS | Case No. 2:26-ml-03181-JLS-E<br><br>Hon. Josephine L. Staton<br>Courtroom 8A, 8th Floor<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF LODGING OF PROPOSED COMMON BENEFIT ORDER AND REQUEST FOR ADOPTION OF DEFENDANTS' PROPOSED EDITS**<br><br>MDL Transfer Order: June 5, 2026 |

Defendants Boston Scientific Corporation and Boston Scientific Neuromodulation Corporation ("BSC") respectfully submit this response to Plaintiffs' Notice of Lodging of Proposed Common Benefit Order [ECF 92]. While BSC does not oppose the entry of a Common Benefit Order, and takes no position on the allocation of common benefit fees among plaintiffs' counsel, BSC submits that the Proposed Pretrial Order No. [ ]: Common Benefit Order [ECF 92-1] (the "Proposed Order") should be revised in certain respects to the extent that they impose unnecessary and overly burdensome obligations on BSC. Accordingly, in advance of the status conference on November 6, 2026, and in the interest of making the Common Benefit Order more effective and equitable for all parties, BSC requests that the Court consider BSC's concerns and proposed revisions, and either adopt these proposed edits to the Order before it is entered or direct Plaintiffs' leadership to submit revised proposed language that addresses BSC's concerns.

## I. INTRODUCTION

Plaintiffs originally submitted a proposed Common Benefit Order on September 4, 2026 [ECF 63]. At the October 6, 2026 status conference, the Court raised a number of concerns with the proposed order (see Tr. at 43–50),[1] and subsequently directed Plaintiffs to submit a revised order by November 2, 2026 (PTO 6, Item III [ECF 81]). On Friday, October 30, 2026, Plaintiffs circulated a draft revised Proposed Common Benefit Order to BSC for its review, seeking BSC's objections and concerns, particularly with respect to Paragraph 9, relating to state court cases, and Section VII, relating to "withholding and deposit of plaintiff assessments." BSC responded to Plaintiffs on November 2, 2026 with proposed edits and comments regarding these sections and others. Nevertheless, Plaintiffs lodged

[1] Please note that the transcript in this section attributes certain statements to Nevro/Globus Medical counsel Randall Christian that BSC believes were made by Plaintiffs' Liaison Counsel Ashleigh Raso. The court reporter has been notified of the potential error.

the Proposed Order later that same day [ECF 92], which did not incorporate or otherwise address a number of BSC's proposed edits and concerns.

BSC accordingly requests that the Court consider the topics of concern identified below that have a direct impact on BSC but are not adequately addressed in Plaintiffs' Proposed Order, and requests that the Court either revise the Proposed Order prior to entry or require Plaintiffs to revise and re-submit the order to address BSC's concerns. *See, e.g.*, *In re Syngenta AG MIR 162 Corn Litig.*, No. 14-MD-2591-JWL, 2015 WL 2165341, at *2 (D. Kan. May 8, 2015) (sustaining defendant's objections to proposed common benefit order). A redline reflecting BSC's suggested revisions to the Proposed Order is attached as Exhibit A.

## II. TOPICS OF CONCERN THAT AFFECT BSC

**A. Definition of "Defendants" (Paragraph 5):** There is no definition of "Defendants" to limit this term to "Boston Scientific Corporation and Boston Scientific Neuromodulation Corporation", as opposed to the U.S. Food and Drug Administration and other government defendants and the other manufacturer defendants present in some cases. A definition should be included that makes clear which "Defendants" are referred to in this order.

**B. Scope and Finality (Paragraphs 6, 7, 9, and 39):** BSC requests that the Proposed Order be revised to address the key terms regarding the scope and finality of BSC's obligations. First, BSC submits that Paragraph 6 should be modified so that the Order applies only "for so long as this MDL is pending" so that BSC's administrative withholding, reporting and collection obligations terminate with the closure of the MDL, subject only to a limited reconciliation for accrued payments. The same is true of Paragraph 39. Second, BSC's proposed edits to Paragraph 9 reflect that it should not bear the burden of monitoring and forwarding state court complaints to Plaintiffs' counsel who have equal access to publicly available state court filings and ability to monitor the same. In addition, not every lawsuit that





FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

happens to involve a spinal cord stimulator involves the same issues raised in this MDL. Third, BSC's proposed revisions to Paragraph 7 remove BSC from potential disputes about whether a non-MDL claim is covered by placing the burden of identifying claims covered by the Common Benefit Order on Plaintiffs' counsel.

**C. Lienholder Collections and Assessments Based on Conditional Amounts (Paragraph 5, Definition of "Gross Monetary Recovery", and Paragraph 6):** BSC should be insulated from lienholder reimbursement negotiations, withholdings, and collections. Under BSC's proposed language, Plaintiffs or a lien administrator would bear responsibility for lien resolution activities. In addition, BSC should be required to pay assessments based solely on actual payments made, not conditional payments or "present values" of future payments.

**D. Withholding (Paragraph 20):** The Proposed Order burdens BSC by requiring BSC to split each payment assessment between two funds. Rather, BSC should only be required to make a single transfer to the Escrow Agent, and the Escrow Agent should bear the responsibility of properly allocating the deposit between the Fee Fund and Expense Fund.

**E. Confidentiality (Paragraph 5, Definition of "Fund Custodian", and Paragraph 23):** BSC submits that the Proposed Order does not adequately protect the confidentiality of settlement amounts, which can be inferred from deposits, dates, account balances, or small-number reporting. To protect against such risk, BSC's proposed edits expand the confidentiality protections and require that an independent custodian receive claim-level payments and notices to prevent the reconstruction of settlement values from reports or account activity. Plaintiffs propose that their Liaison Counsel be the "Fund Custodian" which does not adequately protect confidentiality of payments and settlements.

**F. Delay of Settlements (Paragraph 19):** BSC must be able to close



FAEGRE DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

settlements without delay. Paragraph 19 should not require BSC to provide notice of every settlement. Where there is no question or dispute that a Covered Claim is subject to the Assessment, BSC will simply withhold and deposit the Assessment as the Order requires, and a separate notice of settlement serves no purpose other than to impose an additional administrative burden and create a risk of delay. BSC's proposed revisions therefore limit the notice requirement to settlements in which there is a question or dispute as to whether the Assessment applies. In that circumstance, the notice should be directed to the neutral Common Benefit Reviewer, who would assess and provide a written answer within ten business days as to whether the Assessment applies. If no complete answer is provided, BSC should be able to pay without further assessment exposure, and any dispute would only delay the contested assessment, not the rest of the settlement.

**G. Dismissals and Obligations (Paragraphs 20 and 21):** BSC's revisions to these paragraphs would prevent dismissals and obligation mechanics from affecting settlement finality so that BSC can make one remittance and receive settlement credit and discharge when the custodian receives it.

**H. Unknown Assessment Amount (Paragraph 13):** BSC submits that it needs to know the amount of the Assessment before it can withhold or deposit the Assessment. Moreover, BSC should not have retroactive obligations before the order is executable. BSC's proposed revisions to address this by providing that BSC need not withhold or deposit any assessment until the Court enters an order specifying the assessment percentage, fee and expense portions, effective date, and payment instructions, and only for payments made thirty or more days after entry.

## III. CONCLUSION

For the reasons set forth herein, BSC respectfully requests that the Court either incorporate BSC's proposed revisions before entry of the Proposed Order or direct Plaintiffs to submit a revised order that addresses BSC's concerns.

Dated: November 4, 2026 **FAEGRE DRINKER BIDDLE & REATH LLP**

By: */s/ Tarifa B. Laddon*
Tarifa B. Laddon
David P. Koller
Amy R. Fiterman (*pro hac vice*)

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

Monee Takla Hanna
19191 South Vermont Avenue, Suite 900
Torrance, CA 90502
(424) 221-7400
monee.hanna@nelsonmullins.com

Terri S. Reiskin (*pro hac vice*)
901 15th Street, NW Suite 1200
Washington, DC 20005
(202) 689-2800
terri.reiskin@nelsonmullins.com

Attorneys for Defendants
BOSTON SCIENTIFIC CORPORATION and BOSTON SCIENTIFIC NEUROMODULATION CORPORATION