**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: BOSTON SCIENTIFIC CORPORATION SPINAL CORD STIMULATOR PRODUCTS LIABILITY LITIGATION,<br><br>This Document Relates to: ALL ACTIONS | Case No. 2:26-ml-03181-JLS-PD<br><br>**PRETRIAL ORDER NO. 8: ADDRESSING MASTER PERSONAL INJURY COMPLAINT, SHORT FORM COMPLAINTS, AND RELATED MOTIONS AND PROCEDURES** |

The Court, having considered the submissions of the parties, the recommendations of lead counsel, and the interests of efficient pretrial management, and having heard the parties at the Status Conference on November 6, 2026, hereby enters the following Pretrial Order regarding the Master Personal Injury Complaint for claims against the Boston Scientific Defendants, the direct-filing of Short Form Complaints, and various related case management procedures pursuant to Fed. R. Civ. P. 16(b), (c), and (d), Rule 42(a), and 28 U.S.C. § 1407.

## I. DEFINITIONS

As used in this Order, the following terms have the meanings set forth below:

"**BSC**" means Boston Scientific Corporation and Boston Scientific Neuromodulation Corporation, collectively. For purposes of this Order, references to "Defendants" means BSC only.

"**Consolidated APA Complaint**" means the Consolidated Master APA Complaint for Declaratory and Injunctive Relief under the Administrative Procedure Act, against the U.S. Food and Drug Administration, as addressed in Pretrial Order No. 5 (Doc. 68, as amended, Doc. 100), filed on October 23, 2026 (Doc. 85).

"**Master Personal Injury Complaint**" means the Master Personal Injury Complaint filed by Plaintiffs' Lead Counsel on October 23, 2026 (Doc. 84) on behalf of all Adopting Plaintiffs, setting forth the common factual allegations, legal theories, counts, and requests for relief asserted against BSC in this MDL. The Master Personal Injury Complaint is to be a legally operative consolidated pleading for purposes of pretrial proceedings concerning claims against BSC, including Rule 12 and Rule 56 practice, and is not merely an administrative summary.

"**Short Form Complaint**" or "**SFC**" means the individual complaint, in the form attached hereto as Exhibit A, to be filed by or on behalf of each individual

plaintiff, identifying case-specific facts, the counts adopted from the Master Personal Injury Complaint, the BSC entity or entities sued, whether an APA claim against FDA is being asserted, and other individualized information.

"**Adopting Plaintiff**" means any plaintiff who files a Short Form Complaint adopting one or more counts from the Master Complaint, or who is ordered to do so by the Court, and who thereby becomes bound by this Order and by rulings on common motions addressed to the Master Personal Injury Complaint and the APA Consolidated Complaint.

"**Master Answer**" means the consolidated answer and affirmative defenses filed by BSC to the surviving allegations of the Master Personal Injury Complaint following resolution of common Rule 12 motions, which shall be deemed filed in each Adopting Plaintiff's action.

"**Original Complaint**" means any complaint, amended complaint, or other pleading filed by or on behalf of an individual plaintiff in a member action in this MDL before the effective date of this Order or upon initial filing or transfer of the action into this MDL.

"**Common Issues**" means the factual allegations, legal theories, counts, and defenses that are pleaded in the Master Personal Injury Complaint and that apply generally to all or a defined subset of Adopting Plaintiffs.

"**Case-Specific Issues**" means those factual and legal matters particular to an individual plaintiff's action, including but not limited to product identification, dates of use, injury and diagnosis, statute of limitations, statute of repose, standing, personal jurisdiction, venue, specific causation, learned intermediary doctrine, state-specific law, individual tolling facts, and any other individualized defense or factual matter. A listing of these matters is simply by way of example and not an admission that each such matter is a case-specific issue in any individual case.

## II. PURPOSE AND AUTHORITY

This Order is entered pursuant to the Court's authority under Fed. R. Civ.

P. 16(b), (c), and (d), Rule 42(a), and 28 U.S.C. § 1407 to manage pretrial proceedings efficiently and to resolve common issues concerning claims against BSC in a manner that is binding on all parties who participate in the master pleading structure established herein.

The purpose of requiring a Master Personal Injury Complaint, Short Form Complaint, and Master Answer is to:

Establish a single, legally operative consolidated pleading as to Common Issues concerning claims asserted against BSC that may be tested by Rule 12 motions to dismiss, the rulings as to which are binding on BSC and will bind all Adopting Plaintiffs;

Preserve BSC's ability to assert individualized defenses and to move to dismiss individual Short Form Complaints or Original Complaints on Case-Specific Issues;

Eliminate duplicative pleading, reduce motion practice directed at individual complaints on common grounds, and conserve the resources of the Court and the parties; and

Provide a clear structure for remand, trial preparation, and appellate review consistent with 28 U.S.C. § 1407, *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), and *Gelboim v. Bank of America Corp.*, 574 U.S. 405 (2015).

## III. THE MASTER PERSONAL INJURY COMPLAINT

**Legal Effect**. The Master Personal Injury Complaint is a legally operative consolidated pleading. For each Adopting Plaintiff, the Master Personal Injury Complaint, together with that plaintiff's Short Form Complaint, shall constitute the operative complaint in that plaintiff's action for all pretrial purposes in this MDL concerning claims against BSC, including service, Rule 12 motions, Rule 56 motions, discovery, and other pretrial practice.

**Supersession of Prior Pleadings as to Common Issues**. Upon an Adopting

Plaintiff's filing of a Short Form Complaint, the Master Personal Injury Complaint supersedes and replaces all prior complaints, amended complaints, and other pleadings filed by that plaintiff as to the Common Issues and the counts adopted against BSC. Original Complaints are preserved solely as to case-specific allegations additional to and not inconsistent with the Short Form Complaint and for determining the date of case initiation as may be relevant to statute of limitations or statute of repose issues.

**Claims Not Included Against BSC**. Any claim, cause of action, party, product, injury theory, or request for relief relating to claims against BSC that is not set forth in the Master Personal Injury Complaint and not adopted in an Adopting Plaintiff's Short Form Complaint or not otherwise pled in the Adopting Plaintiff's Short Form Complaint is not asserted in that plaintiff's action. APA claims against FDA are governed by Pretrial Order No. 5 Re: Consolidated APA Complaint (Doc. 68, as amended, Doc. 100) and any subsequent orders of the Court.

## IV. SHORT FORM COMPLAINTS

**Filing Requirement**. Within 45 days after the entry of this Order, or within 30 days after transfer, direct filing, or removal of a new action to this MDL, whichever is later, each plaintiff shall file a Short Form Complaint in the form attached hereto as Exhibit A. Plaintiffs whose Original Complaints were transferred to or direct-filed in this MDL must also file a Short Form Complaint on the schedule set forth in this paragraph. Each Plaintiff whose claims were asserted in a multi-Plaintiff Original Complaint must file a separate Short Form Complaint and all such Plaintiffs except the first-named Plaintiff shall file the Short Form Complaint in a new individual action, which will relate back to the original multi-plaintiff action.

**Adoption and Binding Effect**. By filing a Short Form Complaint, each Adopting Plaintiff certifies that the plaintiff adopts each selected count from the

Master Personal Injury Complaint and all common factual allegations necessary to that count, and understands that by doing so the plaintiff is bound by rulings on motions addressed to those counts in the Master Personal Injury Complaint to the same extent as if those allegations appeared in the plaintiff's own complaint and the rulings entered in that plaintiff's individual action.

**Failure to File**. A plaintiff who fails to file a Short Form Complaint by the applicable deadline or any agreed to or court-approved extension may, at the request of the Defendants, or sua sponte or pursuant to any other order of the Court, be subject to an order to show cause why the plaintiff's case should not be dismissed.

## V. RULE 12 MOTIONS

**Motion Practice**. BSC may file motions to dismiss the Master Personal Injury Complaint or any count thereof pursuant to Fed. R. Civ. P. 12 and, where applicable, Fed. R. Civ. P. 9(b).

**Scope of Common Motions**. Common Rule 12 motions shall address the legal sufficiency of the counts and common factual allegations in the Master Personal Injury Complaint. Such motions shall not be the exclusive vehicle for asserting defenses or motions based on Case-Specific Issues, which are preserved under Sections VI and VIII of this Order.

**Briefing Schedule**. The following schedule shall govern motions to dismiss the Master Personal Injury Complaint:

- BSC's motion and memorandum in support are due on December 11, 2026;
- Plaintiffs' opposition is due on January 22, 2027;
- BSC's reply is due on February 26, 2027; and
- Upon filing the motions to dismiss, BSC shall set the hearing on the motions for an available date on the Court's calendar. The motions shall be heard promptly, but no earlier than March 19, 2027.

**Length Limits**. BSC's memorandum in support of its Motion to Dismiss the Master Personal Injury Complaint and Plaintiffs' memorandum in opposition to that Motion to Dismiss shall each be limited to 10,000 words. BSC's reply memoranda shall be limited to 6,000 words. Leave to exceed these limits shall not be granted except upon a showing of good cause.

**Binding Effect of Rulings**. Rulings on common Rule 12 motions directed to the Master Personal Injury Complaint are binding on BSC and on all Plaintiffs whose Short Form Complaints adopted the count(s) at issue. A count asserted against BSC that is dismissed with prejudice as to the Master Personal Injury Complaint is dismissed with prejudice as to each plaintiff who adopted that count. A count dismissed without prejudice may be reasserted in accordance with any grant of leave by, and upon the conditions set by, the Court and the applicable rules.

**Leave to Amend.** If the Court dismisses one or more counts without prejudice and grants leave to amend, BSC shall be entitled to file a Rule 12 motion with respect to that amended complaint on a schedule to be determined at a later date or as ordered by the Court.

## VI. PRESERVATION OF CASE-SPECIFIC DEFENSES AND INDIVIDUAL MOTIONS

**Preserved Defenses**. Nothing in this Order limits or waives BSC's right to assert any defense, affirmative defense, or other challenge directed to an individual Adopting Plaintiff's claims against BSC based on Case-Specific Issues, including but not limited to:

1. Statute of limitations;
2. Statute of repose;
3. Standing (including Article III standing);
4. Personal jurisdiction;
5. Venue;

6. Product identification, including failure to identify a specific device, model, lot, or other product manufactured and sold by BSC;

7. Causation, including general and specific causation, intervening or superseding cause, and medical causation;

8. Learned intermediary doctrine;

9. State-specific substantive law, including variations in elements of causes of action, damages caps, and available remedies;

10. Preemption (express or implied);

11. Warning adequacy (as applied to individual circumstances);

12. Comparative or contributory negligence;

13. Misuse or alteration of the product;

14. Individual tolling arguments (or the absence thereof);

15. Choice-of-law disputes as applied to individual claims; and

16. Any other defense personal to a particular plaintiff or group of plaintiffs.

The inclusion of a defense in the above listing shall not be construed as a limitation on any Plaintiff's right to object to the assertion of such a defense in any individual case or group of cases, and Plaintiffs do not waive their rights to challenge any defense asserted by Defendants.

**Individual and Grouped Motions**. BSC may file motions to dismiss individual Short Form Complaints or consolidated motions addressed to groups of individual plaintiffs sharing common Case-Specific Issues with prior notice to the Plaintiffs and the Court or as ordered by the Court. The briefing schedule for any such motions shall be negotiated by the Parties and proposed to the Court for approval.

**No Waiver by Participation**. BSC's participation in common motion practice, filing of the Master Answer, or any other act taken pursuant to this Order does not, in and of itself, waive, forfeit, or otherwise limit BSC's right to assert

any defense to any individual plaintiff's claims against BSC, except to the extent a defense has been expressly waived under applicable rules or prior orders of this Court.

## VII. MASTER ANSWER AND AFFIRMATIVE DEFENSES

**Timing**. BSC shall not be required to answer the Master Personal Injury Complaint until after the Court has resolved all common Rule 12 motions addressed to the Master Personal Injury Complaint. Within 45 days after entry of the Court's order resolving all common Rule 12 motions (or such other period as the Court may set), BSC shall file a Master Answer to any surviving allegations of the Master Personal Injury Complaint. The Master Answer shall function as the legally operative Answer, including for purposes of dismissal under Rule 41(a)(1)(A)(i). BSC shall not be required to file individual answers to any original or Short Form Complaints. If the Plaintiffs move to strike any responses or affirmative defenses in the Master Answer, the Parties will confer on a briefing schedule to be submitted to the Court for approval.

**Content of the Master Answer**. The Master Answer shall respond to each surviving allegation and count of the Master Personal Injury Complaint and shall assert generic affirmative defenses to the Common Issues raised in the surviving common Counts, but shall not require an exhaustive pleading of state-specific affirmative defenses. The failure to identify any particular affirmative defense available under a particular state's laws in the Master Answer shall not, in and of itself, constitute a waiver of such affirmative defense at a later stage of the litigation. The assertion of affirmative defenses in the Master Answer preserves such defenses for individual application in each Adopting Plaintiff's case to which they apply under applicable state law.

**Deemed Filed**. The Master Answer shall be deemed filed in each Adopting Plaintiff's action.

**No Waiver of Defenses**. The filing or not filing of a Master Answer, the

timing of any answer, and BSC's participation in the consolidated pleading process established by this Order shall not in and of itself be deemed a waiver, forfeiture, or limitation of any defense, including but not limited to the defenses enumerated in Sections VI and VIII of this Order.

## VIII. PRESERVATION OF SUBSTANTIVE RIGHTS, CHOICE OF LAW, REMAND, AND SEPARATE IDENTITY OF ACTIONS

**Substantive Rights**. This Order governs pretrial pleading and motion practice only. Nothing in this Order alters, determines, or adjudicates substantive rights, choice-of-law rules, transferor-forum law, or the merits of any claim or defense.

**Choice of Law**. The adoption of a Master Personal Injury Complaint does not constitute a determination of the law applicable to any plaintiff's claims. Nothing in this Order is intended to create choice-of-law consequences by virtue of the consolidated pleading structure.

**Lexecon Remand Rights**. This Order does not affect any party's rights under 28 U.S.C. § 1407(a) and *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998). Each constituent action transferred to this MDL retains its separate identity for purposes of remand. Upon remand, the transferee court's rulings on common motions addressed to the Master Personal Injury Complaint remain the law of the case as to adopted Common Issues, but the Master Personal Injury Complaint and Short Form Complaint structure does not permanently merge individual actions or alter the action(s) that are remanded. The form and content of the remanded action shall be determined in accordance with the JPML's transfer and remand procedures.

**Separate Identity**. Consistent with *Gelboim v. Bank of America Corp.*, 574 U.S. 405 (2015), and *Hall v. Hall*, 584 U.S. 59 (2018), each constituent action in this MDL retains its separate identity for purposes of appellate jurisdiction, finality, and Rule 54(b) certification, except to the extent that the Master Personal

Injury Complaint consolidates Common Issues for pretrial proceedings. A ruling on the Master Personal Injury Complaint that disposes of all counts adopted by a particular Adopting Plaintiff, if designated as a final judgment as to that plaintiff under Rule 54(b), is immediately appealable as to that plaintiff's action. If the Master Personal Injury Complaint is dismissed in its entirety upon motion, Adopting Plaintiffs may file a consolidated appeal without each constituent action losing its separate identity.

## IX. SERVICE

**Service of the Master Personal Injury Complaint**. The Master Personal Injury Complaint was filed on the main MDL docket and was thereby served on BSC. No additional service is required.

**Service of Short Form Complaints**. In cases in which an original complaint was previously filed in or transferred to this MDL and was served on all applicable Defendants, individual Short Form Complaints should be filed in the existing docket for that case and served by email to the following email address: BSCMDL3181.service@faegredrinker.com. No waiver of service form is required.

New direct-filed individual Short Form Complaints must be filed in an individual case docket opened by the Plaintiff and identified as a member action in this MDL per the procedures in Pretrial Order No. 4 (Doc. 58). In such cases, service of individual Short Form Complaints on BSC must be accomplished within 90 days of filing by the method set forth in paragraph VIII.a of Pretrial Order No. 4, including sending a request to waive service in the manner prescribed in Fed. R. Civ. P. 4(d)(1), except that the email address has been changed and is now: BSCMDL3181.service@faegredrinker.com.

Service of individual Short Form Complaints on FDA is required only if an APA claim is asserted. Service on FDA must be completed in compliance with Federal Rule of Civil Procedure 4(i).

Dated: November 16, 2026

HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE